### BACHE et al. v. UNITED STATES.

#### (Circuit Court, S. D. New York. December 9, 1896.)

#### No. 2,019.

CUSTOMS DUTIES—CLASSIFICATION—WINDOW GLASS.

    Cylinder, crown, or common window glass, which has either been colored throughout when melted, or colored on the outsides by flashing, is subject to the additional duty imposed by paragraph 118 of the tariff act of 1890 upon such glass "when ground, obscured, * * * colored, or otherwise ornamented or decorated," and is not dutiable under paragraph 122, as stained or painted window glass, though called in the trade "stained window glass."

This was an appeal by Semon Bache & Co. from a decision of the board of general appraisers sustaining the classification, by the collector of the port of New York, of certain window glass imported by them. The collector classified the glass as cylinder, crown, or common window glass, dutiable under paragraph 112 of the tariff act of 1890, and subject to the additional duty of 10 per cent. imposed by paragraph 118. The importers protested, on the ground that the glass should have been classified, according to size, under paragraph 112 only, or at 45 per cent. ad valorem, under paragraph 122, and that paragraph 118 did not apply, because none of the processes therein referred to had been applied to it after it became window glass.

W. Wickham Smith, for plaintiffs.
James T. Van Rensselaer, for the United States.

WHEELER, District Judge. The act of 1890 provided, by paragraph 112, for a duty by the pound on "unpolished cylinder, crown and common window glass"; and, by paragraph 118, for an additional duty of 10 per centum ad valorem on "cylinder, crown or common window glass, when ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, stained, colored, or otherwise ornamented or decorated"; and, by paragraph 122, for a different duty on "all stained or painted window glass, and stained or painted glass windows." The importation in question is of cylinder, crown, or common window glass, a part of which was colored throughout when melted, and the rest on the outsides, by flashing. All of it is

window glass colored and obscured exactly according to the description and provisions of paragraph 118. It was assessed by the collector according to these provisions, and on a protest that it was stained window glass, under paragraph 122, his classification was affirmed by the board of general appraisers.

The evidence shows that it is called in the trade "stained window glass," but that does not change its nature, nor take it out of its specific description by which it was placed. Stained or painted window glass is a different thing; and confounding these names does not make them the same thing. The express provision of the law placing this duty upon this kind of window glass is not obviated by this confusion. It does not seem to be a question of trade-names, but a question of description, and that appears to have been well followed. Decision affirmed.